IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SEAN F. BOGLE § <br> as Personal Representatives of the ESTATE § <br> OF YEILIANYS JEISHLIMAR § <br> MELÉNDEZ JIMÉNEZ, Deceased § <br>     *Plaintiff*, § <br> § <br> v. § <br> § <br> HELIDOSA AVIATION GROUP, S.A. § <br>     *Defendant*. § | Civil Action No. 1:23-cv-1521 |

# COMPLAINT

Plaintiff, SEAN F. BOGLE, as Personal Representative of the Estate of YEILIANYS JEISHLIMAR MELÉNDEZ JIMÉNEZ, deceased, and on behalf of all Wrongful Death Beneficiaries (collectively "Plaintiff") by and through undersigned counsel, hereby files this original complaint against Defendant, HELIDOSA AVIATION GROUP (hereinafter "Helidosa"), and alleges the following:

## INTRODUCTION

1. This is an action against Helidosa for the death of Yeilianys Jeishlimar Meléndez Jiménez ("Yeilianys").

2. Yeilianys was a resident of the United States at the time of her death. On December 9, 2021, she left for a vacation with her mother to the Dominican Republic, leaving from the United States, specifically, Orlando, Florida, airport (KMCO), with the intent to return to the United States on December 15, 2021.

3. On December 15, 2021, Helidosa's plane, a Gulfstream IV, registered aircraft HI-1050 (the "aircraft"), carrying Yeilianys and eight other people, departed from

their vacation destination in the Dominican Republic and crashed 16 minutes after takeoff, killing all on board (the "accident flight").

## PARTIES

4. Plaintiff Sean F. Bogle, Esq., is the Personal Representative of the Estate of Yeilianys Jeishlimar Meléndez Jiménez. In that capacity, he brings suit for all damages arising from injuries, suffering, and death of the decedent on behalf of her Estate and all survivors and beneficiaries thereof, including her father, Domingo Meléndez Castro, the sole direct lineal descendant, estate beneficiary, and wrongful death survivor of Yeilianys. Plaintiff's principal place of business is in Orange County, Florida located at 101 S New York Ave Ste 205, Winter Park, FL 32789.

5. Helidosa is an air charter company operating flights in an out of this jurisdiction, including the subject flights, and is based in Santo Domingo, Dominican Republic.

## JURISDICTION AND VENUE

6. This action arises pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal, May 28, 1999, T.I.A.S. No. 13,038, ICAO Doc. No. 9740 (effective Nov. 4, 2003) (hereafter the "Montreal Convention"), a multilateral treaty that applies to all international carriage of persons by aircraft for reward.

7. The Dominican Republic and the United States are both State Parties under the Montreal Convention.

8. Jurisdiction and venue are proper in this Court.

9. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(2) and (c)(1), because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between the citizen of the United States and citizens of a foreign state.

10. Jurisdiction and venue are likewise proper in this Court pursuant to Article 33 of the Montreal Convention because this District is a territory of one of the "State Parties" under the Convention (the State Party being the United States), and the United States was the place of destination for the accident flight. In addition, this is an action for damage resulting from the death or injury of a passenger, Yeilianys's principal and permanent residence is in the United States, and Helidosa operates services for the carriage of passengers by air on its own aircraft to and from the United States.

11. Venue is also proper under 28 U.S.C. § 1391(c)(3), which allows a defendant not resident in the United States to be sued in any judicial district.

## FACTS GIVING RISE TO THIS CLAIM

12. In December of 2021, Yeilianys accompanied her mother on a vacation to the Dominican Republic. They departed on a charter flight operated by Helidosa from Orlando International Airport on December 9, 2021, with the intent to return to Orlando on December 15, 2021.

13. On December 15, 2021, Helidosa's aircraft arrived at Higuero/La Isabela-Dr. Joaquin Balaguer Airport at 12:35 local time on December 15, 2021, following a flight from San Juan, Puerto Rico.

14. The Helidosa flight crew reported mechanical problems relating to the

aircraft's ground spoilers.

15. The aircraft was subsequently towed to Defendant Helidosa's hangar for maintenance. Helidosa mechanics worked for three hours to replace the ground spoiler actuators on the right-hand wing. The aircraft was then towed back to the apron for the flight to Orlando, FL.

16. During the initial run up before the flight, the flight crew performed a control check. The spoilers on both wings extended, but only those on the left wing retracted again. The Helidosa flight crew did not correct this unreasonably dangerous condition. They taxied the aircraft for departure with three spoilers on the right wing still extended.

17. An aircraft is in an unreasonably dangerous condition when its ground spoilers are extended during takeoff. Such a configuration impacts the aircraft controllability and prevents the aircraft from achieving appropriate lift.

18. The ground spoilers on the right-hand wing were not functioning properly because the Helidosa mechanics improperly connected the new spoilers during the maintenance.

19. Following takeoff, because of the improperly deployed spoilers, aircraft control problems developed immediately. The Helidosa flight crew declared an emergency and requested vectors back to the airport.

20. As the situation progressed, the Helidosa flight crew decided to divert to Santo-Domingo Las Americas International Airport, where they were cleared to land on runway 35.

21. On final approach, the aircraft was destroyed when it struck terrain while attempting to make an emergency landing at Las Americas Airport resulting in the death of two pilots, a flight attendant and six passengers, including Yeilianys, the only daughter of Mr. Meléndez.

22. Helidosa was aware of the visible problem with the aircraft before the incident, but they failed to properly address the problem resulting in the crash and loss of life of all passengers on board.

## CAUSES OF ACTION
### COUNT I – CLAIM FOR RELIEF UNDER THE MONTREAL CONVENTION

23. All previous allegations are incorporated by reference as if fully set forth herein.

24. The subject flight constitutes an "international carriage" of persons performed by aircraft for reward, where the flight was contracted to occur between two States Parties, and therefore the Montreal Convention applies.

25. Pursuant to Article 17 of the Montreal Convention, Helidosa is liable for the damages sustained due to the wrongful death of Yeilianys because the accident that caused Yeilianys's death took place on board the aircraft.

26. The plane crash constitutes an "accident" within the meaning of the Montreal Convention.

27. As a direct proximate result of the subject "accident," Yeilianys died prematurely.

28. Under Article 21 of the Montreal Convention, Helidosa is strictly liable for

all damages associated with Yelianys's death because Helidosa, who has the burden of proof under the Montreal Convention, will not be able to prove that the damages were not caused by "the negligence or other wrongful act or omission of [Helidosa] or its servants or agents" or that the damages were caused "solely due to the negligence or other wrongful act or omission of a third party."

29. Helidosa's negligence caused Yeilianys's death.

30. Helidosa owed a duty to Yeilianys to:

   a. Conduct air carriage operations in a reasonably safe manner;

   b. Perform proper flight safety checks to avoid injuries to passengers;

   c. Properly train and supervise its flight crew in the operation of flight equipment and aircraft so as to prevent injury to passengers;

   d. Properly maintain, repair, and test its flight equipment and aircraft so as to prevent injury to passengers;

   e. Performing a proper installation of the ground spoilers aircraft and/or installing defect-free ground spoilers on the subject;

   f. Hire competent mechanics to perform maintenance on the subject aircraft;

   g. Hire competent flight crew to conduct the flight operations; and

   h. Maintain, and/or implement adequate safety policies, safety measures, and safety procedures necessary to protect passengers, from the foreseeable danger posed by faulty aircraft and flight equipment.

31. Defendant Helidosa breached each and every one of the aforementioned

duties by:

    a. Failing to conduct air carriage operations in a reasonably safe manner;

    b. Failing to perform proper flight safety checks to avoid injuries to passengers;

    c. Failing to properly train and supervise its flight crew in the operation of flight equipment and aircraft so as to prevent injury to passengers;

    d. Failing to properly maintain, repair, and test its flight equipment and aircraft so as to prevent injury to passengers;

    e. Installing defective or improperly installing the ground spoilers on the subject aircraft;

    f. Failing to hire competent mechanics to perform maintenance on the subject aircraft;

    g. Failing to hire competent flight crew to perform the flight operations; and

    h. Failing to maintain, and/or implement adequate safety policies, safety measures, and safety procedures necessary to protect passengers, from the foreseeable danger posed by faulty aircraft and flight equipment.

32. Yeilianys's death was the not the result of any third parties' act or omission and was solely due to Helidosa's negligence.

33. Helidosa's breach of the duty of care owned to Yeilianys proximately caused her death and caused damages to Mr. Domingo Meléndez Castro, as sole direct lineal descendant, estate beneficiary, and wrongful death survivor of Yeilianys, and to the

Estate of Yeilianys Jeishlimar Meléndez Jiménez

34. Helidosa is therefore liable to Plaintiff for all compensatory damages including, but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and other general and special damages. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

35. Plaintiff, Sean F. Bogle, Esq, as Personal Representative of the Estate of Yeilianys Jeishlimar Meléndez Jiménez, and on behalf of all Wrongful Death Beneficiaries, seeks all wrongful death and survival damages under applicable law, including, but not limited to all economic and non-economic damages, due to the premature death of Yeilianys.

## JURY DEMAND

36. Plaintiff Sean F. Bogle, Esq. demands that a jury be convened to try the factual issues of this case.

## CONCLUSION AND PRAYER

**WHEREFORE,** Plaintiff Sean F. Bogle, Esq, as Personal Representative of the Estate of Yeilianys Jeishlimar Meléndez Jiménez, and on behalf of all Wrongful Death Beneficiaries, respectfully pray that Defendant Helidosa Aviation Group, be cited to appear and answer this complaint and that this court grant judgment in favor over and against Defendant Helidosa Aviation Group, including, but not limited to damages described herein, plus all costs of court, prejudgment interest at the maximum legal rate, post-judgment interest at the maximum legal rate, and all other relief, both general and

special at law or in equity, to which Plaintiff is justly entitled under the facts and circumstances of this case.

Respectfully submitted this 14th day of December 2023.

/s/ *Michael L. Slack*
MICHAEL L. SLACK
Texas State Bar No. 18476800
DEREK QUICK
Texas State Bar No. 24072471
**SLACK DAVIS SANGER L.L.P.**
6001 Bold Ruler Way, Suite 100
Austin, Texas 78746
Telephone: (512) 795-8686
Telecopier: (512) 795-8787
mslack@slackdavis.com
dquick@slackdavis.com
*Counsel for Plaintiff Sean F. Bogle, Esq, as Personal Representative of the Estate of Yeilianys Jeishlimar Meléndez Jiménez, Deceased, and on behalf of all Wrongful Death Beneficiaries*